## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY<br>COMMISSION, | ) <br> ) <br> ) |
| Plaintiff, | ) <br> ) <br> ) Civil Action No. |
| v. | ) <br> ) COMPLAINT |
| RELIV INTERNATIONAL, INC. | ) Jury Trial Demanded <br> ) |
| Defendant. | ) |

## COMPLAINT

### NATURE OF THE ACTION

This is action under Title I of the Americans with Disabilities Act of 1990 and Title I of

the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability

and to provide appropriate relief to Jason Hood, who was adversely affected by such practices.

The Commission alleges that Reliv International, Inc. failed to make reasonable accommodation

and terminated the employment of Jason Hood because of his disability, renal failure due to

chronic kidney disease.

### JURISDICTION AND VENUE

1.     The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331,

1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 107(a) of the

Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by

reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42

U.S.C. § 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42

U.S.C. § 1981.

2.     The employment practices alleged to be unlawful were committed within the

jurisdiction of the United States District Court for the Eastern District of Missouri, Eastern

Division.

### PARTIES

3.     Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is

the agency of the United States of America charged with the administration, interpretation and

enforcement of Title I of the ADA and is expressly authorized to bring this action by Section

107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and

(3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.     At all relevant times, Defendant has continuously been an Illinois Corporation

doing business in the State of Missouri and has continuously had at least fifteen (15) employees.

5.     At all relevant times, Defendant has continuously been an employer in an industry

affecting commerce under Section 101(5) of the ADA, 42 U.S.C. §12111(5), and Section 101(7)

of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of

Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6.     At all relevant times, Defendant has been a covered entity under Section 101(2) of

the ADA, 42 U.S.C. § 12111(2).

### STATEMENT OF CLAIMS

7.     More than thirty days prior to the institution of this lawsuit, Jason Hood filed a

charge with the Commission alleging violations of Title I of the ADA by Defendant Reliv. All

conditions precedent to the institution of this lawsuit have been fulfilled.

2

8.     Since at least February 2004, Defendant engaged in unlawful employment practices at its Chesterfield, Missouri location, in violation of Section 102(a) and (b) of Title I of the ADA, 42 U.S.C. § 12112(a) and (b), by failing to accommodate and terminating the employment of Jason Hood because of his disability, renal failure due to chronic kidney disease.

9.     The effect of these actions by Defendant has been to deprive Jason Hood of equal employment opportunities and otherwise adversely affect his status as an employee because of his disability.

10.    The unlawful employment practices engaged in by Defendant were done with malice or reckless indifference to the federally protected rights of Jason Hood.

WHEREFORE, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice that discriminates on the basis of disability;

B.     Order Defendant to institute and carry out policies, practices, and programs that provide equal employment opportunities for qualified individuals with disabilities, and that eradicate the effects of its past and present unlawful employment practices;

C.     Order Defendant to make Jason Hood whole by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices;

D.     Order Defendant to make Jason Hood whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in Paragraph 8 above in amounts to be determined at trial;

3

E.      Order Defendant to make Jason Hood whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices described in Paragraph 8 above, including compensation for emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amount to be determined at trial;

F.      Order Defendant to pay Jason Hood punitive damages for its malicious and reckless conduct, in amount to be determined at trial;

G.      Grant such further relief as the Court deems necessary and proper in the public interest; and

H.      Award the Commission its costs incurred in this action.

4

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

RONALD COOPER
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

JEAN KAMP
Acting Regional Attorney

BARBARA A. SEELY
Supervisory Trial Attorney, #10607

MELVIN D. KENNEDY, #33222
Senior Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
St. Louis District Office
Robert A. Young Federal Bldg.
1222 Spruce, Room 8.100
St. Louis, MO 63103
(314) 539-7915

5