UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) Plaintiff, ) ) vs. ) ) RELIV INTERNATIONAL, INC., ) ) Defendant, ) | Case No. 4:07CV1051SNLJ |

## MEMORANDUM AND ORDER

This matter is before this Court on Defendant's Motion to Strike and Preclude (#34) filed October 20, 2008. Defendant is seeking to strike and preclude the affidavit of Anibal Melo, M.D. filed by plaintiff in response to Defendant's Motion for Summary Judgment. Plaintiff filed a response (#39) on October 30, 2008. Defendant replied (#40) on November 10, 2008.

**A. Statement of the Case**

This case was initiated after a determination by the Equal Employment Opportunity Commission ("EEOC") that Jason Hood was dismissed from his job at Reliv International, Inc. in violation of the Americans with Disabilities Act ("ADA"). Jason Hood worked for the defendant as a shipping and receiving clerk. His duties included the lifting of boxes weighing up to 60 pounds, although plaintiff disputes that this was an "essential" job function. Mr. Hood suffered from kidney disease that required him to go on medical leave to start kidney dialysis in January 2004. During this time he was under the treatment of Anibal Melo, M.D. Initially Mr. Hood asked for, and was granted, four weeks of medical leave. However, he remained on leave until March 2004. The parties dispute the extent to which Mr. Hood was cleared to return to work but agree that defendant released Mr. Hood from his employment in March 2004.

Mr. Hood filed a complaint with the EEOC, and the EEOC in turn brought the current cause of action against Reliv on May 31, 2007. Defendant filed a motion for summary judgment (#29) on August 29, 2008 arguing, among other things, that Mr. Hood could not perform his essential job duties with the twenty pound lifting restrictions imposed by Dr. Melo in the medical release to return to work and that no reasonable accommodation existed to allow him to perform his duties. In its memorandum in opposition (#31) filed October 1, 2008, plaintiff included the affidavit of Dr. Melo (#31-4) which was given on September 18, 2008. Dr. Melo's affidavit stated, inter alia, that although he had given Mr. Hood a lifting restriction of no more than twenty pounds, Mr. Hood could safely lift weights in excess of twenty pounds with the use of a specialized belt. Defendant argues that the testimony pertaining to the use of a specialized belt -- set out in paragraph 8 of the affidavit -- goes beyond the scope of testimony for which Dr. Melo was disclosed and that it is the opinion of an expert witness rather than a treating physician. The affidavit was produced after the close of discovery on July 21, 2008, and therefore, defendant moves for the affidavit, or at least paragraph 8, to be precluded and stricken for plaintiff's failure to disclose.

Defendant's argument is two-fold: First, Dr. Melo was disclosed only as a treating physician, not an expert witness. Although Dr. Melo may properly testify about his treatment of Mr. Hood, any testimony regarding reasonable accommodations that could have been made requires expert testimony for which Dr. Melo was not disclosed. Second, defendant argues, in the alternative, even if the testimony is not that of an expert the plaintiff never disclosed that Dr. Melo had discoverable information regarding reasonable accommodations. On both points defendant relies on Federal Rule of Civil Procedure 37(c)(1) which provides that:

> A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2),

is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed.

Plaintiff offers no "substantial justification" for any alleged failure to disclose or amend discovery responses, therefore, the focus is only on whether plaintiff was required to list Dr. Melo as an expert and/or whether plaintiff failed to fully disclose Dr. Melo's opinions in the first place.

**B. Discussion**

Specifically, defendant argues that the opinion Dr. Melo averred to in paragraph 8 of the affidavit is not testimony regarding his actual medical treatment, but is instead an opinion regarding the existence of a reasonable accommodation. This opinion, defendant explains, is expert testimony and as such had to be disclosed by naming Dr. Melo as an expert witness and by filing an expert report.

Plaintiff responds in three ways: First, plaintiff argues that during the Rule 16 conference plaintiff's attorney asked whether expert reports would be required from treating physicians that might be called to testify, and the Court stated they would not be required. Second, plaintiff argues that Dr. Melo is a fact witness, not an expert witness, because his testimony regarding a reasonable accommodation is based solely on his personal knowledge and treatment of Mr. Hood. Finally, plaintiff argues that defendant has suffered no prejudice because defendant, himself, listed Dr. Melo as a potential witness as part of the Rule 26(a)(1) disclosures and that "plaintiff should not be penalized because defendant chose not to depose Dr. Melo."

Plaintiff is correct that, in general, expert reports are not required of testifying physicians because they are not presenting expert testimony under Federal Rule of Evidence 702, 703, or 705. If, however, a party wishes to have a treating physician give testimony regarding "scientific, technical, or other specialized knowledge," that physician must be disclosed as an expert and submit an expert report. Fed. R. Evid. 702; F.R.C.P. 26(a)(2).

On plaintiff's first point, and in view of these rules, any representation the Court may have made to the effect that a treating physician need not be disclosed as an expert is presumably nothing more than the recognition of the general rule -- that expert reports are not required for treating physicians. Plaintiff offers no documentation to the contrary. Nor does plaintiff contend that it informed this Court of any intention to call Dr. Melo, in particular, to testify to matters other than his actual diagnosis and treatment in the case. Nor does it appear from the affidavit of Plaintiff's attorney, Melvin D. Kennedy (submitted with Dr. Melo's affidavit) that the parties in any way agreed that treating physicians could testify as experts absent disclosure as experts and the disclosure of written reports. For these reasons, plaintiff's first argument is rejected.

This Court now turns to whether Dr. Melo's opinion is expert in nature. Paragraph 8 states: "[Mr. Hood] was physically capable in March 2004 of safely lifting weights in excess of the standard twenty (20) pound restriction with the use of a specialized belt designed to support the abdominal wall and reduce the risk of hernia." Plaintiff maintains in its response to defendant's motion that this statement is related to treatment and based solely on Dr. Melo's personal knowledge and that non-expert testimony by a treating physician may touch on matters relevant to plaintiff's prima facie case. This Court concludes, however, that paragraph 8 was not related to Mr. Hood's treatment, but was instead an expert opinion obtained for purposes of this litigation more than four years after March 2004. There is no evidence, and plaintiff does not claim otherwise, that Dr. Melo ever communicated this "reasonable accommodation" to Mr. Hood so that it might properly be considered a part of Mr. Hood's treatment. To be sure, there may be cases in which a doctor's instructions on "reasonable accommodation" are a part of the treatment, itself, and incorporated as part of the release to work, so that the doctor's testimony would not constitute expert opinion. But here, the record is clear that Dr. Melo's treatment of and

4

instructions to Mr. Hood did not include the reasonable accommodation of a specialized belt. Thus, his statement in paragraph 8 of the affidavit is an expert opinion, and he should have been disclosed as an expert witness.

Plaintiff's final argument -- that defendant himself listed Dr. Melo as a potential witness in preliminary disclosures -- omits the crucial fact that defendant, like plaintiff, listed Dr. Melo only as a fact witness, not as an expert witness. In the absence of any notice from plaintiff that Dr. Melo would testify to anything other than the facts of his diagnosis and treatment of Mr. Hood, defendant had no need to inquire about the expert testimony that is the subject of this motion. Plaintiff's response is to rely on its own Rule 26(a)(1) disclosure which referred not only to "discoverable information concerning the diagnosis and treatment of Mr. Hood's kidney disease," but also "discoverable information concerning any limitations on Mr. Hood's ability to perform the essential functions of his job in 2004," as if the latter category of information included the purported reasonable accommodation of the specialized belt. All along, however, plaintiff has maintained that Dr. Melo is nothing but a fact witness, that "information concerning any limitations on Mr. Hood's ability to perform the essential functions of his job in 2004" was information that necessarily was related solely to the diagnosis and treatment of Mr. Hood. Again, the reasonable accommodation opinion in paragraph 8 was not related to the treatment of Mr. Hood because it was never a part of his treatment.

**C. Conclusion**

This Court finds that Dr. Melo's opinion regarding the use of a specialized belt as a reasonable accommodation for Mr. Hood's lifting restriction is an expert opinion that was not disclosed to defendant in plaintiff's initial disclosures or at any time before the close of discovery. The Court further finds that the failure to disclose Dr. Melo's expert opinions was not harmless.

5

Therefore, this Court holds that Dr. Melo's testimony regarding that reasonable accommodation must be barred. This Court will, however, allow Dr. Melo's opinions and testimony regarding his personal knowledge and treatment of Mr. Hood as disclosed in plaintiff's initial disclosure.

**IT IS HEREBY ORDERED**

That Defendant's Motion to Strike and Preclude is GRANTED to the effect that paragraph Eight (8) of the Affidavit of Anibal Melo, M.D. (# 39-2) signed September 18, 2008 is stricken and precluded from being used.

Dated this ___29th___ day of January, 2009.

_____
UNITED STATES DISTRICT JUDGE